WILLIAM B. RIEBENACK, RESPONDENT, v. LEON F. RU-
BENS ET AL., APPELLANTS.

Argued May 26, 1925—Decided October 19, 1925.

1. Where there are any facts in a case sustaining, if believed,
   plaintiff's right of action, a question for the jury is presented,
   and a direction of verdict for the defendant would be error.
2. Relevant and competent evidence once introduced in a cause re-
   mains such, unless withdrawn or stricken out, so long as it is
   applicable to any theory presented by the pleadings upon which
   the cause is tried and submitted to the jury, notwithstanding
   such pleadings have been subjected to amendments during the
   trial of the cause, and after the introduction of such evidence.

On appeal from the Atlantic County Circuit Court.

For the appellants, *Clarence L. Cole.*

For the respondent, *Lee F. Washington.*

The opinion of the court was delivered by

CAMPBELL, J.    The action was to recover architect's fees
for the preliminary drawings and sketches of an apartment
house to be erected on Raleigh avenue and the boardwalk, in
Atlantic City.

The complaint as originally framed declared upon an im-
plied contract.

During the trial it developed that, in all likelihood, the
contract was an express one, and, by permission of the court,
the complaint was amended to declare upon such a contract.
It later appeared from certain testimony that, perhaps, the
express contract, if such it was, was made on Sunday, and
toward the close of the trial plaintiff moved and was allowed
to again amend his complaint so that it would consist of two
counts, one based upon an express contract and the other
upon an implied contract.

The verdict was in favor of the plaintiff-respondent upon
which he has entered a judgment to which this appeal is
directed.

The first ground urged for reversal is the refusal of the trial judge to direct a verdict for the defendants-appellants. The ground of the application for this direction was "that it now appears by affirmative proof of two witnesses that is not contradicted by any evidence that the jury could take hold of that this contract on which recovery is now sought was made on Sunday, and, therefore, void." The least that can be said is that the plaintiff-respondent did not admit that the contract was made on Sunday. But this was not all. The plaintiff-respondent testified that the contract was made on a week-day; that he did not know what day it was, but that it was not on a Sunday. This, therefore, presented a jury question, and the refusal to direct a verdict in favor of the defendants-appellants was proper.

The next ground of appeal is that the court erred in charging, "but whether the contract was made on Sunday or not, if he did the work he was employed to do, he would be entitled to recover the reasonable value of the services performed and the work done."

The correct rule is as laid down in *Reeves* v. *Butcher,* 31 *N. J. L.* 224, and followed in *Steffens* v. *Earl,* 40 *Id.* 128; *Cannon* v. *Ryan,* 49 *Id.* 314; *Brewster* v. *Banta,* 66 *Id.* 367; *Rosenblum* v. *Schachner,* 84 *Id.* 525.

The exception was, "there being no evidence of any such service or services having been performed."

There was such evidence, but the objection which is the subject of the exception was not sufficient to raise the question of the correctness or incorrectness of the rule charged by the trial court.

The next and final ground of appeal is that it was error for the court below to submit to the jury the question of the reasonable value of the services upon the ground that there was no evidence upon this point. The plaintiff-respondent was an architect of several years' standing, and testified, without objection, that the usual customary rate for the work was one (1) per cent. of the estimated cost of constructing the building. The testimony preceded the first amendment to the complaint, and it is urged by the appellants that as at the time such testimony was given the cause was proceeding

as upon an implied contract, and, subsequently thereto, it became by amendment based upon an express contract, this testimony lost all of its value. This is not so. As has been previously said, there were two amendments to the complaint permitted during the trial, so that at the conclusion thereof the complaint had two counts, one alleging an express contract and the other an implied contract, and at no time during the trial was the testimony above referred to stricken out or any application for such purpose made.

The judgment under review is affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, JJ. 13.

*For reversal*—None.